UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LUIS A. FLORES,                )
       Plaintiff,          )
                               )    C.A. No. 05-11854-NMG
   v.                          )
                               )
                               )
MICHAEL MALONEY, ET AL.,       )
       Defendants.         )

MEMORANDUM AND ORDER

GORTON, D.J.

For the reasons stated below: 1) Plaintiff shall, within forty-two (42) days of the date of this Memorandum and Order, either pay the $250.00 filing fee for civil actions, or file a completed Application to Proceed Without Prepayment of Fees, accompanied by a certified prison account statement; and 2) Plaintiff is directed to show cause within forty-two (42) days why this action should not be dismissed for the reasons stated herein.

FACTS

On September 7, 2005, Plaintiff Luis A. Flores, a prisoner in custody at MCI Cedar Junction in So. Walpole, MA,[1] filed his self-prepared civil rights complaint against Michael Maloney, the former Commissioner of the Department of Corrections, Kathleen Dennehy, the Commissioner, and Peter Allen, the former Superintendent at MCI Cedar Junction. Plaintiff alleges, *inter alia*, constitutional violations of due process/access to the courts, free speech, and equal protection under 42 U.S.C. § 1983, and Articles 1, 10, 11 and 16 of the

---

[1] Plaintiff did not provide this Court with information as to his present whereabouts. Neither the Complaint nor the Application to Proceed *in forma pauperis* indicates the facility in which he resides. He does allege, however, that he was in restrictive confinement at MCI Cedar Junction from 1995 through June 2004. An internet records check by this Court indicates that Plaintiff is presently housed at MCI Cedar Junction.

Massachusetts Declaration of Rights.

More specifically, Plaintiff claims that he has been in restrictive confinement at the prison from November 1995 through June 2004. Compl. ¶ 7. He claims that during that period he has been deprived of treatment programs, mandated by law, applicable to other prisoners in restrictive confinement and in the general population.[2] Id. at ¶ 8. He further claims he has been subject to physical assaults, destruction of legal materials, confiscation of property, "imposition of levies and tributes" and "coercive cognitive management." Id. at ¶ 9. Plaintiff also contends he has been subjected to terror, intimidation and violence, as a result of Defendants failure to adequately oversee, train, supervise, and control the use of force against prisoners by correctional officers. Id. at ¶ 10. He complains that he has been locked in his cell for 22.5 hours per day, and that he has been severely restricted in his work assignments, school attendance, church attendance, and recreation. Id. at ¶¶ 11-12. Plaintiff also alleges violations of his right to freedom of speech and access to the courts. Plaintiff maintains that he has exhausted all administrative remedies within the prison. Id. at ¶ 1.

Plaintiff seeks, *inter alia*, declaratory and injunctive relief, a restoration of all rights and privileges, a tolling of the statute of limitations, and monetary damages.

Plaintiff did not pay the filing fee or file an Application to Proceed Without Prepayment

---

[2]These include, *inter alia*: (1) Mass. Gen. Laws ch. 127, § 48, providing that "the commissioner shall establish and maintain education, training and employment programs for persons committed to the custody of the department." Id. ; (2) Mass. Gen. Laws ch. 124 (powers and duties of the Department of Correction); (3) Mass. Gen. Laws, ch. 127, §§ 32, 39 (treatment of prisoners, generally) and Mass. Regs. Code 103, § 421; Mass. Gen. Laws, ch. 12 §§ 11H (violations of civil rights; actions by Attorney General); Mass. Gen. Laws, ch. 12, §§ 11I. (violations of civil rights; actions by aggrieved persons); Compl. at ¶ 13 and at p. 4.

of Fees.

## ANALYSIS

I.    The Filing Fee

A party bringing a civil action must either (1) pay the $250.00 filing fee when filing the complaint; or (2) file an Application to Proceed Without Prepayment of Fees. See 28 U.S.C. §§ 1914(a) (filing fees), 1915 (proceedings *in forma pauperis*). Where the plaintiff is a prisoner, an application for waiver of prepayment of the filing fee must be accompanied by a document certifying the amount of funds on deposit to the plaintiff's credit at his institution of incarceration. 28 U.S.C. § 1915(a)(2).

Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the $250 filing fee, notwithstanding the grant of *in forma pauperis* status. Rather, prisoner plaintiffs must pay the full amount of the filing fee, although such payments may be made in installments, payable through their prison accounts in accordance with the provisions of § 1915(b).

Here, Plaintiff has not paid the fee, nor filed a completed Application to waive the fee and proceed *in forma pauperis*, nor has he submitted a certified prison account statement. Accordingly, it is hereby ORDERED that Plaintiff either pay the $250.00 filing fee, or in the alternative, file a completed Application to Proceed Without Prepayment of Fees, accompanied by his certified prison account statement, as required by § 1915, within forty-two (42) days of the date of this Memorandum and Order. The clerk is directed to provide a blank Application form to Plaintiff, along with a copy of this Order.

If Plaintiff submits the filing fee in its entirety, or if he files a completed Application to

proceed *in forma pauperis*, he is also directed to demonstrate good cause, within forty-two (42) days, why this action should not be dismissed for the reasons stated herein. If Plaintiff fails to submit a new application or to pay the filing fee, this action shall be dismissed without prejudice.

II.  Order to Treasurer's Office at MCI Cedar Junction

In order to facilitate Plaintiff's compliance with the directives above, and to the extent that the Superintendent or the Treasurer's Office at MCI Cedar Junction requires a Court Order to provide Plaintiff with his prison account statement, it is hereby ORDERED that:

> The Treasurer's Office at MCI Cedar Junction, or any other facility housing the Plaintiff shall, upon request by Plaintiff, provide this Court with a certified copy of Plaintiff's prison account statement. Such statement shall include balance information for the six (6) months preceding September 7, 2005 (date complaint was filed), and specifically include the following information: 1) the average monthly deposits to Plaintiff's prison account for that six (6) month period; and 2) the average monthly balance in Plaintiff's account for the six (6) month period immediately preceding September 7, 2005.

III.  Plaintiff's Complaint is Subject to Screening

Because Plaintiff is a prisoner, he is advised that he is subject to the provisions of the Prison Litigation Reform Act. The Prison Litigation Reform Act of 1995 ("PLRA"), Title VIII of Pub.L. 104-134, 110 Stat. 1321-1375 (1996), enacted several provisions which grant this Court the authority to screen and dismiss prisoner complaints. See 28 U.S.C. § 1915 (proceedings *in forma pauperis)*; 28 U.S.C. § 1915A (screening of suits against governmental officers and entities).

Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which

relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). *In forma pauperis* complaints may be dismissed *sua sponte* and without notice under § 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Section 1915A also authorizes the Court to review prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if it lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A.

The Court recognizes that Plaintiff's Complaint should be construed generously. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept., 209 F.3d 18, 23 (1st Cir. 2000). Nevertheless, even under a broad reading, the Complaint is subject to dismissal for the reasons stated below.

IV.   Section 1983 Claims

   A.   Claims of Assault/Misuse of Force by Prison Personnel

To the extent Plaintiff is asserting claims under 42 U.S.C. § 1983 against the three Supervisory Defendants (Michael Maloney, in his capacity as former Commissioner of the Department of Corrections, Kathleen Dennehy, as the current Commissioner, and former Superintendent Peter Allen), based on alleged civil rights violations by unidentified correctional officers, such claims are subject to dismissal because they are based on the theory of *respondeat superior*, or liability based on responsibility for the actions of their employees. This is not a

5

viable or cognizable cause of action, because liability under § 1983 may only be <u>direct</u> and not vicarious.  <u>See, e.g.</u>, <u>Pinto v. Nettleship</u>, 737 F.2d 130, 132 (1st Cir. 1984) (no *respondeat superior* liability under § 1983; liability can only be imposed upon officials who were involved personally in the deprivation of constitutional rights); <u>accord</u> <u>Guzman v. City of Cranston</u>, 812 F.2d 24, 26 (1st Cir. 1987) (same); <u>Rodriguez-Vazquez v. Cintron-Rodriguez</u>, 160 F. Supp. 2d 204, 210-213 (D. P.R. 2001).   Moreover, since these Defendants cannot be held liable under § 1983 for the alleged actions of unidentified prison personnel, Plaintiff has also not set forth a federal cause of action which would invoke the subject matter of this Court under 28 U.S.C. § 1331.

Furthermore, Plaintiff has not alleged any facts whatsoever which would support a claim for <u>direct</u> liability of these Defendants with respect to actions of prison personnel, based on the theory of negligent supervision.  Plaintiff merely has asserted that Defendants are liable for failure to adequately oversee, train, supervise, or control the misuse of force against prisoners in general, by unidentified correctional personnel.  Such bald assertions, without any factual support, are insufficient to state a § 1983 claim against these Defendants, in accordance with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

Rule 8(a) requires a plaintiff to include in the complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," <u>Centro Medico del Turabo, Inc. v. Feliciano de Melecio</u>, 406 F.3d 1,5 (1st Cir. 2005); <u>Rivera v. Rhode Island</u>, 402 F.3d 27, 33 (1st Cir. 2005) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)), such that the defendant is afforded a "meaningful opportunity

to mount a defense," Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)). "In a civil rights action ..., the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores PuertorriqueZos en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). Although "the requirements of Rule 8(a)(2) are minimal ... minimal requirements are not tantamount to nonexistent requirements." Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).

Here, as noted above, Plaintiff's Complaint is utterly devoid of any factual support for the assertions of negligent supervision by the Defendants. Moreover, the Complaint fails to provide any information with respect to the nature of the alleged assaults/misuse of force on the Plaintiff. The Complaint merely alleges the misuse of force against prisoners, as a group, but does not indicate what was allegedly done to the Plaintiff himself, nor does he provide the context in which the alleged actions occurred. Additionally, the Complaint fails to identify in any manner, the individual prison personnel who allegedly performed the violative actions. No names are provided, nor has Plaintiff provided any description of these individuals. Finally, no dates of these alleged occurrences are provided. The only time-frame provided by the Plaintiff is that the alleged violations occurred between November 1995 and June 2004.

In light of these material omissions, it cannot be said that the Complaint gives the Defendants fair notice of the Plaintiff's claims or the grounds upon which they rest. Thus, in addition to the *respondeat superior* claims, the Plaintiff's claims based on negligent supervision are subject to dismissal.

B.  Claims of Confiscation and Destruction of Property; Imposition of Levies and Tributes, Violations of Free Speech and Denial of Treatment Programs

Similarly, Plaintiff has made bald assertions that he has suffered various other deprivations, including destruction and confiscation of property, imposition of levies and tributes, and his right to free speech. He also claims he was denied treatment programs available to other prisoners. Again, such skeletal assertions are not supported by any factual statements, nor has Plaintiff provided specific identifiable violations providing the "who, what, where, when and why" sort of details that are necessary to give the Defendants fair notice of the claim, in accordance with Rule 8(a). See Educadores PuertorriqueZos en Acción, 367 F.3d at 68. Plaintiff also has not set forth the bases for liability of these Defendants with respect to these claims. Accordingly, these claims are also subject to dismissal.

C  Claims of Denial of Access to the Courts

Almost as an aside, Plaintiff assets he was denied access to the Courts. Once again, there is no factual support for the allegation. On that basis alone, the claim is subject to dismissal under Rule 8(a) grounds. Even assuming, however, that Plaintiff's claims are based on his assertion that he was segregated and locked in his cell for 22.5 hours per day and therefore unable to access the law library or attendant legal materials or legal assistance, Plaintiff has still failed to set forth a cognizable claim for a constitutional deprivation.

In order to state a claim of violation of due process by restricted access to the courts, an inmate must show: (1) he has been denied "access to the courts," and (2) that as a result he has sustained an "actual injury." Bounds v. Smith, 430 U.S. 817, 828 (1977); Lewis v. Casey, 518 U.S. 343, 349 (1996).

With respect to the first prong of the above test, the Supreme Court has recognized that

8

prisoners have a right to "access the courts," by means of a prison law library or other form of legal assistance. Bounds, 430 U.S. at 828 (right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.); Cepulonis v. Fair, 732 F.2d 1 (1st Cir. 1984) (Zobel, J), (reversed in part on other grounds) (holding that restricted access to a law library, even to maximum security inmates, was a violation of due process).

Here, however, Plaintiff has not alleged any facts to show how he was denied access to the courts. While he does state his legal materials were confiscated, he does not link this allegation to his denial of access claim.

More importantly, however, Plaintiff has failed to plead facts which would fulfill the second prong of the test, namely, that he has suffered an "actual injury" as a result of any denial of access. As noted above, in Lewis, 518 U.S. at 349, the Supreme Court held that in order to establish a violation of the "right of access" to the courts, a plaintiff must allege "actual injury." Id. "Actual injury," derives from the doctrine of standing, and requires a prisoner to demonstrate that any alleged shortcomings in a legal library or assistance program hindered his efforts to pursue a legal claim involving direct or collateral attacks on sentences or challenges to conditions of confinement.[3] Id. at 349, 354-355. To show "actual injury," an inmate must prove that the alleged shortcomings of the prison library have impaired, or are currently impairing, his

---

[3] The Lewis court listed as examples of "actual injury" an allegation that a complaint was dismissed for failure to satisfy a technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known or an allegation that a prisoner was unable to bring an action to court due to the inadequacies in the law library. Id. at 351.

efforts to pursue a non-frivolous legal claim. Id. at 351.

Here, Plaintiff has not set forth any allegation that he was unable to directly or collaterally attack his sentence or to challenge his conditions of confinement, nor has he provided the type of information required under Rule 8(a), as discussed above. Therefore this claim is also subject to dismissal.

      D.    Statute of Limitations As a Bar

To the extent that Plaintiff raises § 1983 claims for actions or inactions by prison personnel which occurred prior to September 6, 2002, these claims are barred by the applicable statute of limitations. Although there is no specified statue of limitations for causes of action brought under federal civil rights laws, it is well settled that the applicable state statute of limitations is applied where the action is filed. Thus, in federal civil rights cases filed in this District, the applicable statute of limitations is three years. Centro Medico del Turabo, Inc., 406 F.3d at 6; Nieves v. McSweeney, 241 F.3d 46, 52-53 (1st Cir. 2001) (§ 1983); Johnson v. Rodriguez, 943 F.2d 104, 107 (1st Cir. 1991) (§ 1981); Govan v. Trustees of Boston Univ., 66 F. Supp. 2d 74, 80 (D. Mass. 1999) (§§ 1981, 1985). See also Owens v. Okure, 488 U.S. 235 (1989); Wilson v. Garcia, 471 U.S. 261 (1985); Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991) (*per curiam*) (the Massachusetts three-year statute of limitations applies to § 1983 actions). Cf. Rodriguez-Garcia v. Municipality of Caguas, 354 F.3d 91, 96 (1st Cir. 2004) (§§ 1981, 1983, and 1985 borrow the forum state's statute of limitations for personal injury claims); Mass. Gen. Laws ch. 260, § 2A (three-year statute of limitations for personal injury claims). Although Plaintiff seeks to have the limitations period tolled, he has not provided any legal or factual bases which would permit tolling.

Accordingly, Plaintiff's § 1983 claims for actions allegedly occurring from 1995 to September 7, 2005 are subject to dismissal.

V.      The State-Law Based Claims

Because Plaintiff's federal claims are subject to dismissal, and because grounds do not appear to exist for subject-matter jurisdiction over any state-law claims, this Court, in its discretion, would not exercise supplemental jurisdiction over any state law claims unless Plaintiff sets forth a cognizable federal claim in response to this Memorandum and Order. See 28 U.S.C. § 1367(a).

## CONCLUSION

ACCORDINGLY, for the foregoing reasons, it is hereby ORDERED:

1. Within forty-two days (42) of the date of this Memorandum and Order, Plaintiff shall either pay the $250.00 filing fee, or he shall file an Application to Proceed Without Prepayment of Fees, accompanied by a certified prison account statement in accordance with 28 U.S.C. §1915(b). Upon request by Plaintiff, the prison Treasurer's Office is directed to provide such statement to the Court, in accordance with this Memorandum and Order.

2. Plaintiff shall, within forty-two (42) days of the date of this Memorandum and Order, show cause why this action should not be dismissed for the reasons stated herein.

Dated: October 11, 2005              /s/ Nathaniel M. Gorton
                                     NATHANIEL M. GORTON
                                     UNITED STATES DISTRICT JUDGE